IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| STRONG TREE CHURCH,<br>    Plaintiff, | § § § | |
| vs. | § § | Civil Action No. 5:15-cv-217 |
| CHURCH MUTUAL INSURANCE<br>COMPANY AND RYAN WERLEY,<br>    Defendant. | § § § § | |

**<u>CHURCH MUTUAL INSURANCE COMPANY'S NOTICE OF REMOVAL</u>**

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Church Mutual Insurance Company ("Church Mutual") files this Notice of Removal to the United Stated District for the Southern District of Texas, Laredo Division, and respectfully shows the following:

**I. Summary of Removal**

1.      Defendant Church Mutual Insurance Company ("Church Mutual") seeks to remove this cause action from the 406th District Court of Webb County, Texas to the United States District Court for the Southern District of Texas, Laredo Division.  Church Mutual has met all of the requirements of 28 U.S.C. § 1441, as there is complete diversity between itself and Plaintiff Strong Tree Church ("Strong Tree").  Church Mutual is a citizen of the state of Wisconsin.  Strong Tree is a citizen of the State of Texas.  For removal purposes the citizenship of Co-Defendant Ryan Werley ("Ryan Werley") should be disregarded as he has been improperly or fraudulently joined.  Thus, this Court should grant removal of this action to Federal Court.

**II. Removal Exhibits**

2.      In support of its Notice of Removal, Church Mutual attaches the following

1

exhibits, and incorporates the same herein by reference:

    Exhibit A    Index of Matters Filed with Notice of Removal;

    Exhibit B    Docket sheet (9/17/2015);

    Exhibit C    Plaintiff's Original Petition (8/25/2015);

    Exhibit D    Defendant Church Mutual Insurance Company's Original Answer (9/21/2015); and

    Exhibit E    List of Counsel of Record.[1]

### III. Procedural Background

3.    On August 25, 2015, this civil action was commenced in the 406th District Court of Webb County, Texas under Cause No. 2015CVF002879D4; *Strong Tree Church v. Church Mutual Insurance Company and Ryan Werley*.

4.    Strong Tree seeks damages related to a property insurance policy issued by Church Mutual that was in effect when Strong Tree's property was allegedly damaged in a storm on May 9, 2014. Strong Tree makes numerous allegations against both Church Mutual and Ryan Werley such as allegations that they have failed to affirm or deny coverage within a reasonable time, they have refused to fully compensate Plaintiff under the terms of the policy and they have failed to place adequate and proper coverage for Strong Tree causing it to suffer further damages. *See* Exhibit C at pgs. 4 – 5, ¶¶ 17, 18 and 21. Strong Tree alleges causes of action for negligence, breach of contract, violations of Texas Deceptive Trade Practices Act and Tie-In-Statutes, violations of Texas Insurance Code, breach of the common-law duty of good faith and fair dealing, breach of fiduciary duty, unfair insurance practices, misrepresentation and common-law fraud by negligent misrepresentation. *Id.* at pgs. 5 – 15, ¶¶ 25 - 67.

---

[1] Pursuant to Local Rule 81, Church Mutual has not attached the Citation for Church Mutual or the Citation for Ryan Werley as there are no returns on file for these two Citations and Local Rule 81 states only "executed process" shall be filed with a Notice of Removal.

5. Church Mutual was served with a copy of the citation and Strong Tree's Original Petition on September 14, 2015. Ryan Werley has not been served with a copy of the citation or Strong Tree's Original Petition as of the filing of this Notice of Removal. Church Mutual now seeks to remove this case to federal court pursuant to 28 U.S.C. § 1441.

### IV. Argument and Authorities

#### A. Legal standard for removing cases

6. A defendant has the right to remove a case to federal court when federal jurisdiction exists and the removal procedure is properly followed. *See Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S. § 1441). The removing party bears the burden of establishing that a state-court suit is removable to federal court. *Id* (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995), *cert denied*, 516 U.S. 865, 116 S.Ct. 180, 133 L.Ed.2d 119 (1995)). To determine whether there is removal jurisdiction, the claims in the state court petition are considered as they existed at the time of removal. *Manguno*, 276 F.3d at 723. Doubts about the propriety of removal are to be resolved in favor of remand. *See In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (per curiam).

#### B. This Court has jurisdiction pursuant to 28 U.S.C. § 1332

##### 1. There is complete diversity between the parties.

7. Under 28 U.S.C. § 1332(a)(1), the district courts have original jurisdiction of all civil actions where there is diversity of citizenship and the matter in controversy exceeds $75,000 exclusive of interests and costs. If federal jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332, a case is removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought. 28 U.S.C. § 1441(b).

8.      Strong Tree is a non-profit corporation in the State of Texas, with its principal place of business located in Webb County, Texas. *See* Exhibit C at pg. 1, ¶ 3. Church Mutual is a foreign corporation, i.e. a corporation duly organized under the laws of the State of Wisconsin, with its principal place of business located in Merrill, Lincoln County, Wisconsin. *See* Exhibit C at pg. 2, ¶ 4. *See also* 28 U.S.C. § 1332(a). Strong Tree's Original Petition does not identify the state of citizenship of Ryan Werley. Accordingly, there is complete diversity between Strong Tree and Church Mutual.

### 2.    Alternatively, there is complete diversity between Strong Tree and Church Mutual

9.      As stated, Strong Tree is a non-profit corporation in the State of Texas, with its principal place of business located in Webb County, Texas. *See* Exhibit C at pg. 1, ¶ 3. Church Mutual is a foreign corporation, i.e. a corporation duly organized under the laws of the State of Wisconsin, with its principal place of business located in Merrill, Lincoln County, Wisconsin. *See* Exhibit C at pg. 2, ¶ 4. *See also* 28 U.S.C. § 1332(a). Accordingly, there is complete diversity between Strong Tree and Church Mutual. Strong Tree's Original Petition does not identify the state of citizenship of Ryan Werley and instead only states where he may be served, which is an address in Texas. Even assuming Strong Tree's allegation of the place of service for Ryan Werley is sufficient to show Ryan Werley is a citizen of the State of Texas (which Church Mutual does not believe it is), Ryan Werley's citizenship is irrelevant and should be disregarded for removal purposes, because he has been improperly joined to this lawsuit to defeat diversity jurisdiction.

### 3.    Ryan Werley is improperly joined to defeat diversity jurisdiction, because there is no reasonable basis of recovery under Texas law

10.     A case may be removed to federal court despite the presence of a resident

defendant if the removing defendant shows that the resident defendant was improperly or fraudulently joined. *Salazar v. Allstate Texas Lloyds's, Inc.* 455 F.3d 571, 574 (5th Cir. 2006). In any case involving an improperly or fraudulently joined party, written consent for removal of the improperly or fraudulently joined party is not required. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). To establish that a non-diverse defendant has been improperly joined to defeat diversity jurisdiction, the removing party must prove either (1) actual fraud in the pleading of jurisdictional facts; or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc), *cert. denied*, 544 U.S. 992, 125 S.Ct. 1825, 161 L.Ed.2d 755 (2005). If the removing party is not claiming actual fraud in the pleading of the jurisdictional facts, the test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against a non-diverse defendant. *Id.* Stated differently this means there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against a non-diverse defendant. *Id.*

11.     The standard for evaluating a claim of improper or fraudulent joinder is similar to that used in evaluating a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir.2007); *Johnson v. Zurich American Ins. Co.*, 2011 WL 3111919 (N.D. Texas, 2011). "The scope of the inquiry for improper joinder, however, is broader than that for Rule 12(b)(6), because the court may 'pierce the pleadings' and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim." *Campbell*, 509 F.3d at 665. "[A] summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at 574. The petition as

filed in state court controls the inquiry, thus any post removal filing may not be considered when or to the extent they present new causes of action or theories. *Cavallini v. State Farm Mut. Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995); *Griggs v. State Farm Lloyds*, 181 F.3d. 694, 699 (5th Cir. 1999). Strong Tree has alleged a cause of action against all of the defendants for "breach of the duty of good faith and fair dealing." *See* Exhibit C at pg. 11, ¶¶ 48 – 50. Since Church Mutual is not claiming fraud in the jurisdictional facts alleged in Strong Tree's Original Petition, removal is only possible if there is no reasonable basis for recovery against Ryan Werley.

        **a.**    **There is no reasonable basis under Texas law for a bad faith claim against Ryan Werley**

12.    Strong Tree's Original Petition alleges Defendants' conduct breached the common law duty of good faith and fair dealing. *See* Exhibit C at pg. 11, ¶¶ 48 – 50. However, in an insurance context, the duty of good faith and fair dealing arises only when there is a contract giving rise to a special relationship. *Id.* (citing *Natividad v. Alexsis, Inc.,* 875 S.W.2d 695, 698 (Tex. 1994)). Strong Tree has not alleged that its relationship with Ryan Werley is controlled by or created by any contract, or that its relationship with Ryan Werley would give rise to the duty of good faith and fair dealing. Therefore, there is no basis under Texas law for Strong Tree's claims against Ryan Werley for breach of the duty of good faith and fair dealing.

        **b.**    **There is no reasonable basis for recovery under Texas law against Ryan Werley for violation of Chapter 541 of the Texas Insurance Code.**

13.    Strong Tree additionally asserts a claim against Ryan Werley for violating Section 541.060 of the Texas Insurance Code. *See* Exhibit C at pgs. 9 – 11, ¶¶ 43 – 47. *See* TEX. INS. CODE § 541.060. Strong Tree has not provided a reasonable basis for predicting that state law would allow recovery against Ryan Werley under Section 541.060 of the Texas Insurance Code. Strong Tree's Original Petition does not include a single sentence or even a single phrase or

clause of allegations pertaining to Ryan Werley's sole conduct. *Id.* at pg. 2 – 16, ¶¶ 6 – 72. Strong Tree does not allege even a single cause of action solely against Ryan Werley. *Id*. at pgs. 5 – 15, ¶¶ 25 - 67.

### c. Strong Tree's conclusions and undifferentiated liability averments against "Defendants" do not allege or constitute specific actionable conduct against Mr. Werley.

14. Strong Tree recites all of its allegations against "Defendants" generally. In fact, many of the allegations are recitations of portions of the Texas Insurance Code. Strong Tree's Original Petition fails to allege any facts whatsoever illustrating the particular actions are specifically attributable to Ryan Werley individually.

15. Numerous federal courts in Texas have held insurance adjusters were fraudulently joined where plaintiffs alleged "the defendants" committed misrepresentations, violations of the DTPA, violations of the Texas Insurance Code, and other common law violations, but plaintiffs failed to attribute any specific actionable conduct to the adjusters individually. *See Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*, 4:09-CV-165A, 2009 WL 1437837 (N.D. Tex. May 22, 2009); *Moore v. Travelers Indem. Co.*, 3:10-CV-1695-D, 2010 WL 5071036 (N.D. Tex. Dec. 7, 2010); *Hansen v. State Farm Lloyds*, H-01-1457, 2001 WL 34109375 (S.D. Tex. June 29, 2001); *Jones v. State Farm Lloyds*, No. H-01-1505 (S.D. Tex. July 23, 2001); *TAJ Properties, LLC v. Zurich Am. Ins. Co*., H-10-2512, 2010 WL 4923473 (S.D. Tex. Nov. 29, 2010); *TAJ Properties, LLC v. GAB Robins N. Am., Inc.*, H-10-4134, 2011 WL 2162321 (S.D. Tex. June 2, 2011); *Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*, H-09-1728, 2009 WL 3602043 (S.D. Tex. Oct. 27, 2009); *Lakewood Baptist Church v. Church Mut. Ins. Co*., No. 3:12-cv-5111-M, 2013 WL 3487588 (N.D. Tex. July 11, 2013).

16. Furthermore, in a somewhat recent opinion, the Northern District of Texas

conducted a Rule 12(b)(6) analysis and closely evaluated the viability of claims against an adjuster. *Plascencia v. State Farm Lloyds*, 4:14-CV-524-A, 2014 U.S. Dist. LEXIS 135081 (N.D. Tex. Sept. 25, 2014). The Court began by discussing the allegations that were made against both defendants (i.e. the insurer and the adjuster) and specifically noted that "'[m]erely lumping diverse and non-diverse defendants together in undifferentiated liability averments of a petition does not satisfy the requirement to state specific actionable conduct against the non-diverse defendant.'" *Id.* at *11 (citing *Studer v. State Farm Lloyds*, No. 4:13-CV-413, 2014 WL 234352, at *4 (E.D. Tex. Jan. 21, 2014); *Griggs*, 181 F.3d at 699). The Court also stated it "is giving no effect to the repeated references in the complaint to 'defendants' inasmuch as the court can only speculate as to whether plaintiff intends to refer to [the adjuster] along with [the insurer] in those instances. Obviously, allegations such as the failure to pay plaintiff's claim cannot be directed against [the insurer] inasmuch as there is no allegation that [the adjuster] had any claim-payment obligation." *Plascencia*, 2014 U.S. Dist. LEXIS 135081, at *14.

17. In *Plascencia*, the Court also noted that

> [w]hile some of plaintiff's conclusory allegations against [the adjuster] are couched as factual allegations, a close analysis discloses that they are nothing more than mere conclusions. No facts are alleged that would plausibly lead to the conclusion that plaintiff suffered any damage by reason of [the adjuster's] conduct, bearing in mind that ultimately [the insurer], not [the adjuster], would have made the decision as to whether to pay, and what to pay, plaintiff.

*Plascencia*, 2014 U.S. Dist. LEXIS 135081, at *15. The Court also observed

> [i]n a factually similar case, *Griggs v. State Farm Lloyds*, the Fifth Circuit found significant that the insured-plaintiff's 'factual allegations and his articulation of his legal claims focus solely upon State Farm Lloyd's conduct in the processing and ultimate denial of his claim.' The same is true here. Notwithstanding plaintiff's boilerplate allegations against [the adjuster], plaintiff's focus, and true complaint, has to do with [the insurer's] failure to

8

>pay plaintiff what plaintiff says he should receive under the terms of his insurance policy.

*Id.*, at *15 – 16 (citing *Id.* (citing *Griggs*, 181 F.3d at 699). The Court "concluded from its Rule 12(b)(6)-type analysis that plaintiff's pleading fails to state a claim against [the adjuster] and that there is no reasonable basis for the court to predict that plaintiff might be able to recover from [the adjuster]." *Id.*, at *16.

18. Like the petitions in the above-referenced cases, the allegations in Strong Tree's Original Petition are merely legal conclusions couched as factual allegations with no factual support in the Original Petition. Nowhere in its petition does Strong Tree specifically allege that Ryan Werley committed any particular act, made any statement, or made any misrepresentation to it of any kind whatsoever that would allow recovery under the Insurance Code. Strong Tree instead only identifies "Defendants" in the conclusory allegations contained in its Original Petition. *See e.g.*, Exhibit C at pgs. 3 – 16, ¶¶ 12 – 19, 21, 25, 26, 28, 30, 32 – 41, 43 – 47, 49 – 50, 52 – 53, 55 – 58, 60, 62 – 65 and 69 – 71. Strong Tree alleges each cause of action against "Defendants" and refers to the acts and/or omissions of "Defendants." Strong Tree's Original Petition contains no allegations against "Ryan Werley" individually. Since all of the allegations against "Defendants" (which include Ryan Werley) are legal conclusions recast as factual allegations, there are no facts supporting a reasonable basis under Texas law for the recovery against Ryan Werley. The only plausible reason for joining Ryan Werley in this case is to defeat diversity jurisdiction. For all of these reasons, the Court should disregard Ryan Werley's citizenship when determining the complete diversity of the parties and propriety of the removal.

19. Here, as in *Plascencia*, Strong Tree lumped Church Mutual and Mr. Werley together in undifferentiated liability averments in the Original Petition. *See id.* In fact, Plaintiff's Original Petition does not contain a single sentence of allegations against only Mr.

Werley (and all allegations against "Defendants" are conclusory allegations and not specific facts). *See id.* Nor does the Petition contain even a single cause of action against only Mr. Werley. *See id.* at pgs. 5 – 15 (subparts under "Claims"). Such lumped together allegations do not satisfy the requirement to state specific actionable conduct against Mr. Werley. *See Plascencia*, 2014 U.S. Dist. LEXIS 135081, at *11, 14.

20. Furthermore, the focus of Plaintiff's allegations against "Defendants" lies in the denial of Strong Tree's insurance claim by Church Mutual. *See, e.g.*, Exhibit C at pg. 3, ¶ 12 ("Defendants continually failed and refused to pay Plaintiff … under the Policy"), pgs. 3 – 4, ¶ 15 ("Plaintiff has not received proper payment for its claim …"), pg. 4, ¶ 16 ("Defendants … failed to offer Plaintiff adequate compensation"), pg. 4, ¶ 18 ("Defendants have … refused to fully compensate Plaintiff under the … policy"), pg. 6, ¶ 30 ("Defendants … breached … the … policy by failing to pay Plaintiff benefits …"), pgs. 9 – 10, ¶ 43 ("Defendants engaged in … unfair or deceptive acts or practices that include … [f]ailing to pay a valid claim …"), pg. 11, ¶ 49 (stating "Defendants … breached … duty of good faith … by denying Plaintiff's claims …"). As such, Plaintiff's Original Petition fails to state a claim against Mr. Werley and there is no reasonable basis for the Court to predict that Plaintiff might be able to recover from him. *See Plascencia*, 2014 U.S. Dist. LEXIS 135081, at *7.

### 4. The amount in controversy exceeds $75,000.00

21. Strong Tree's Original Petition expressly states that "Plaintiff seeks monetary relief of over $200,000 but not more than $1,000,000." *See* Exhibit C at pg. 16, ¶ 71. Thus, Strong Tree seeks damages in excess of $75,000.00, exclusive of interest, costs, and attorney fees. Church Mutual may therefore remove the case to this Court pursuant to 28 U.S.C. §§ 1441(b) and 1446.

**C.    All requirements for removal have been met and removal to this Court is proper**

22.    In accordance with 28 U.S.C. § 1446(b), a defendant timely files its notice of removal within 30 days after receiving a copy of the initial pleading.  Church Mutual was served with citation and the Petition on September 14, 2015.   Therefore, removal is timely as this Notice of Removal was filed within the time limits required.

23.    The United States District Court for the Southern District of Texas, Laredo Division is the proper court in which to remove this action pursuant to 28 U.S.C. § 1446(a), in that this civil action is pending in this district and division.

24.    In accordance with the provisions of 28 U.S.C. § 1446(d), Church Mutual is serving written notice upon counsel for Strong Tree and is filing a copy of this Notice of Removal with the District Clerk of Webb County, Texas.

25.    All process, pleadings, orders, and all other filings in the state court action have been attached to this Notice of Removal, as required by 28 U.S.C. § 1446(a), and identified in an index attached as Exhibit A to this removal.

## V. Jury Demand

26.    Church Mutual made a proper request for a jury trial and paid the requisite jury fee in the State Court Suit and hereby renews its request for a trial by jury.

WHEREFORE Defendant Church Mutual Insurance Company requests that the above-entitled action be removed from the 406th District Court of Webb County, Texas, and that this Court take jurisdiction of the case to final judgment in accordance with the laws of the United States.

Respectfully submitted,

SHEINESS, GLOVER, & GROSSMAN, L.L.P.


By: _____
    Marc A. Sheiness
    Attorney-in-Charge
    Texas State Bar No. 18187500
    Federal Bar No. 2591
    4544 Post Oak Place Drive, Suite 270
    Houston, Texas 77027
    Telephone: (713) 374-7005
    Facsimile:  (713) 374-7049
    Email: msheiness@hou-law.com

Attorney for Defendant
CHURCH MUTUAL INSURANCE COMPANY


**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of this instrument has been served on all counsel of record by e-filing, certified mail – return receipt requested, regular mail, fax, email or hand delivery on this 29th day of September, 2015.

    Bill L. Voss
    Scott Hunziker
    Bryan Beverly
    26619 Interstate 45 South
    The Woodlands, Texas 77380




_____
MARC A. SHEINESS