Filed
8/25/2015 3:13:17 PM
Esther Degollado
District Clerk
Webb District
Gloria Noriega
2015CVF002879D4

CAUSE NO. _____

| | | |
|---|---|---|
| STRONG TREE CHURCH, § | | IN THE DISTRICT COURT |
| Plaintiff, § | | |
| § | | |
| § | | |
| vs. § | | WEBB COUNTY, TEXAS |
| § | | |
| CHURCH MUTUAL INSURANCE § | | |
| COMPANY AND RYAN WERLEY, § | | |
| Defendant. § | | ____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Strong Tree Church (hereinafter "Plaintiff"), and complains of Church Mutual Insurance Company and Ryan Werley (hereinafter "Defendants"). In support of its claims and causes of action, Plaintiff would respectfully show the Court as follows:

### DISCOVERY LEVEL

1. Plaintiff intends for discovery to be conducted at Level 2, pursuant to Rule 190 of the Texas Rules of Civil Procedure.

### JURISDICTION AND VENUE

2. This Court has jurisdiction to hear Plaintiff's claims under Texas common law and Texas statutory law. Inarguably, the amount in controversy exceeds the minimum jurisdictional limits of this Court. Venue is also proper, as all or a substantial part of the events giving rise to this suit occurred within the city of Laredo, in Webb County, Texas.

### PARTIES

3. Plaintiff is a citizen whose residence is located in Laredo, Webb County, Texas.

PLAINTIFF STRONG TREE CHURCH'S ORIGINAL PETITION
Page 1

A True copy of the original I certify
the ____11th____ day of __Sept__ 20__
ESTHER DEGOLLADO
Clerk of the District Courts and
County Court at Law, Webb County, Texas
By _____ Deputy

EXHIBIT C

4. Defendant Church Mutual is a foreign corporation, duly registered with the Texas Department of Insurance to do business in Texas, which may be served with process by serving this Original Petition and a copy of the citation on its Registered Agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

5. Defendant Ryan Werley is an individual engaged in the business of adjusting insurance claims. This includes the Plaintiff's insurance claim which is at issue in the present case. Werley may be served with Citation and a copy of this Petition, by serving him at 15713 Dyna Street, Corpus Christi, Texas 78418.

## BACKGROUND

6. This matter revolves largely around a first party insurance dispute regarding the extent of damages and amount of loss suffered to the Plaintiff's Property, which is located at 1112 Gustavus Street, Laredo, Texas 78040, (the "Property"). In addition to seeking economic and penalty based damages from Defendants, Plaintiff also seeks compensation from Defendants for damages caused by improperly investigating the extensive losses associated with this case.

7. Plaintiff owns the Property.

8. Prior to the occurrence in question, Plaintiff purchased a commercial insurance policy from Defendants to cover the Property at issue in this case for a loss due to storm-related events. Plaintiff's Property suffered storm-related damage. Through its commercial policy, 1243230, Plaintiff was objectively insured for the subject loss by Defendant.

9. On or around May 9, 2014, the Property suffered incredible damage due to storm related conditions.

.

10. In the aftermath, Plaintiff relied on Defendants to help begin the rebuilding process. By and through its commercial policy, Plaintiff was objectively insured for the subject losses in this matter.

11. Pursuant to its obligation as a policyholder, Plaintiff made complete payment of all commercial insurance premiums in a timely fashion. Moreover, its commercial policy covered Plaintiff during the time period in question.

12. Despite Plaintiff's efforts, Defendants continually failed and refused to pay Plaintiff in accordance with its promises under the Policy.

13. Moreover, Defendants have failed to make any reasonable attempt to settle Plaintiff's claims in a fair manner, although its liability to the Plaintiff under the policy is without dispute.

14. In the months following, Plaintiff provided information to Defendants, as well as provided opportunities for Defendants to inspect the Property. However, Defendants failed to conduct a fair investigation into the damage to the Property. Moreover, Defendants failed to properly inspect the Property and its related damages, failed to properly request information, failed to properly investigate the claim, failed to timely evaluate the claim, failed to timely estimate the claim, and failed to timely and properly report and make recommendations in regard to Plaintiff's claims.

15. Despite Defendants' improprieties, Plaintiff continued to provide information regarding the losses and the related claim to Defendants. Further, Plaintiff made inquiries regarding the status of the losses, and payments. Regardless, Defendants failed and refused to respond to the inquiries, and failed to properly adjust the claim and the losses. As a result, to this

date, Plaintiff has not received proper payment for its claim, even though notification was provided.

16.    Defendants have failed to explain the reasons for failing to offer adequate compensation for the damage to the Property. Defendants have furthermore failed to offer Plaintiff adequate compensation without any explanation why full payment was not being made. Defendants did not communicate that any future settlements or payments would be forthcoming to pay the entire losses covered under the policy.

17.    Defendants have further failed to affirm or deny coverage within a reasonable time. Plaintiff also did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from Defendants in a timely manner.

18.    Defendants have, to date, refused to fully compensate Plaintiff under the terms of the policy for which Plaintiff paid, even though it was Defendants that failed to conduct a reasonable investigation. Ultimately, Defendants performed a result-oriented investigation of Plaintiff's claim that resulted in an unfair, biased and inequitable evaluation of Plaintiff's losses.

19.    Defendants have failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claims within the time period mandated by statute.

20.    As a result of the above issues, Plaintiff did not receive the coverage for which it had originally contracted with Defendants. Unfortunately, Plaintiff has, therefore, been forced to file this suit in order to recover damages arising from the above conduct, as well as overall from the unfair refusal to pay insurance benefits.

21. In addition, Defendants have failed to place adequate and proper coverage for Plaintiff causing Plaintiff to suffer further damages. As indicated below, Plaintiff seeks relief under the common law, the Deceptive Trade Practices-Consumer Protection Act and the Texas Insurance Code.

## CONDITIONS PRECEDENT

22. All conditions precedent to recovery by Plaintiff has been met or has occurred.

## AGENCY

23. All acts by Defendants were undertaken and completed by its officers, agents, servants, employees, and/or representatives. Such were either done with the full authorization or ratification of Defendants and/or were completed in its normal and routine course and scope of employment with Defendants.

## CLAIMS AGAINST DEFENDANT

24. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

### A.
### NEGLIGENCE

25. Defendants had and owed a legal duty to Plaintiff to properly adjust the structural and property damage and other insurance losses associated with the Property. Defendants breached this duty in a number of ways, including but not limited to the following:

    a. Defendants was to exercise due care in adjusting and paying policy proceeds regarding Plaintiff's Property loss;

    b. Defendants had a duty to competently and completely handle and pay all damages associated with Plaintiff's Property; and/or

c. Defendants failed to properly complete all adjusting activities associated with Plaintiff.

26. Defendants' acts, omissions, and/or breaches did great damage to Plaintiff, and were a proximate cause of Plaintiff's damages.

## B.
## BREACH OF CONTRACT

27. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

28. According to the policy that Plaintiff purchased, Defendants had the absolute duty to investigate Plaintiff's damages, and to pay Plaintiff's policy benefits for the claims made due to the extensive storm-related damages.

29. As a result of the storm-related event, Plaintiff suffered extreme external and internal damages.

30. Despite objective evidence of such damages, Defendants have breached its contractual obligations under the subject insurance policy by failing to pay Plaintiff benefits relating to the cost to properly repair Plaintiff's Property, as well as for related losses. As a result of this breach, Plaintiff has suffered actual and consequential damages.

## C.
## VIOLATIONS OF TEXAS DECEPTIVE TRADE PRACTICES ACT AND TIE-IN-STATUTES

31. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

32. Defendants' collective actions constitute violations of the DTPA, including but not limited to, Sections 17.46(b) (12), (14), (20), (24), and Section 17.50(a) (4) of the Texas

Business & Commerce Code. Defendants collectively engaged in false, misleading, or deceptive acts or practices that included, but were not limited to:

    a.    Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

    b.    Misrepresenting the authority of a salesman, representative, or agent to negotiate the final terms of a consumer transaction;

    c.    Failing to disclose information concerning goods or services which were known at the time of the transaction, and the failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had such information been disclosed;

    d.    Using or employing an act or practice in violation of the Texas Insurance Code;

    e.    Unreasonably delaying the investigation, adjustment and resolution of Plaintiff's claim;

    f.    Failure to properly investigate Plaintiff's claim; and/or

    g.    Hiring and relying upon a biased engineer and/or adjuster to obtain a favorable, result-oriented report to assist Defendants in low-balling and/or denying Plaintiff's damage claim.

33. As described in this Original Petition, Defendants represented to Plaintiff that its insurance policy and Defendants' adjusting and investigative services had characteristics or benefits that it actually did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA.

34. As described in this Original Petition, Defendants represented to Plaintiff that its insurance policy and Defendants' adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which stands in violation of Section 17.46 (b)(7) of the DTPA.

35. By representing that Defendants would pay the entire amount needed by Plaintiff to repair the damages caused by the storm-related event and then not doing so, Defendants have violated Sections 17.46 (b)(5), (7) and (12) of the DTPA.

36. Defendants have breached an express warranty that the damage caused by the storm-related event would be covered under the subject insurance policies. This breach entitles Plaintiff to recover under Sections 17.46 (b) (12) and (20) and 17.50 (a) (2) of the DTPA.

37. Defendants' actions, as described herein, are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendants' unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA.

38. Defendants' conduct, acts, omissions, and failures, as described in this Original Petition, are unfair practices in the business of insurance in violation of Section 17.50 (a) (4) of the DTPA.

39. Plaintiff is a consumer, as defined under the DTPA, and relied upon these false, misleading, or deceptive acts or practices made by Defendants to its detriment. As a direct and proximate result of Defendants' collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sues. All of the above-described acts, omissions, and failures of Defendants are a producing cause of Plaintiff's damages that are described in this Original Petition.

40. Because Defendants' collective actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times

such actual damages, for Defendants having knowingly committed its conduct. Additionally, Plaintiff is ultimately entitled to recover damages in an amount not to exceed three times the amount of mental anguish and actual damages due to Defendants having intentionally committed such conduct.

41. As a result of Defendants' unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on its behalf. Accordingly, Plaintiff also seeks to recover its costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code, as well as any other such damages to which Plaintiff may show itself to be justly entitled at law and in equity.

## D.
## VIOLATIONS OF TEXAS INSURANCE CODE

42. Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

43. Defendants' actions constitute violations of the Texas Insurance Code, including but not limited to, Article 21.21 Sections 4(10) (a) (ii), (iv), and (viii) (codified as Section 541.060), Article 21.21 Section 11(e) (codified as Section 541.061), and Article 21.55 Section 3(f) (codified as Section 542.058). Specifically, Defendants engaged in certain unfair or deceptive acts or practices that include, but are not limited to the following:

    a.    Failing to attempt, in good faith, to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

    b.    Failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the

        insurer's denial of a claim or for the offer of a compromise settlement of a claim;

    c.     Refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

    d.     Forcing Plaintiff to file suit to recover amounts due under the policy by refusing to pay all benefits due;

    e.     Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code; and/or

    f.     Failing to pay a valid claim after receiving all reasonably requested and required items from the claimant.

44.     Plaintiff is the insured or beneficiary of a claim which was apparently valid as a result of the unauthorized acts of Defendants, and Plaintiff relied upon these unfair or deceptive acts or practices by Defendants to its detriment. Accordingly, Defendants became the insurer of Plaintiff.

45.     As a direct and proximate result of Defendants' acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which it now sues.

46.     Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Defendants' actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional damages in an amount not to exceed three times the amount of actual damages, for Defendants having knowingly committed such conduct. Additionally, Plaintiff is entitled to recover damages in an amount not to exceed three times the amount of mental and actual damages for Defendants having intentionally committed such conduct.

47. As a result of Defendants' unfair and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on its behalf. Accordingly, Plaintiff also seeks to recover its costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code or Article 21.21 Section 16(b) (1) (codified as Section 541.152) of the Texas Insurance Code and any other such damages to which Plaintiff may show itself justly entitled by law and in equity.

## E.
## BREACH OF THE COMMON-LAW DUTY OF GOOD FAITH AND FAIR DEALING

48. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

49. By its acts, omissions, failures and conduct, Defendants have breached its common law duty of good faith and fair dealing by denying Plaintiff's claims or inadequately adjusting and making an offer on Plaintiff's claims without any reasonable basis, and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial.

50. Defendants have also breached this duty by unreasonably delaying payment of Plaintiff's entire claims and by failing to settle Plaintiff's claims, as Defendants knew or should have known that it was reasonably clear that Plaintiff's storm-related claims were covered. These acts, omissions, failures, and conduct by Defendants are a proximate cause of Plaintiff's damages.

## F.
## BREACH OF FIDUCIARY DUTY

51. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

52. Defendants had a fiduciary relationship, or in the alternative, a relationship of trust and confidence with Plaintiff. As a result, Defendants owed a duty of good faith and fair dealing to Plaintiff. Defendants breached that fiduciary in that:

   a. The transaction was not fair and equitable to Plaintiff;

   b. Defendants did not make reasonable use of the confidence that Plaintiff placed upon it;

   c. Defendants did not act in the utmost good faith and did not exercise the most scrupulous honesty toward Plaintiff;

   d. Defendants did not place the interests of Plaintiff before its own, and Defendants used the advantage of its position to gain a benefit for itself, at Plaintiff's expense;

   e. Defendants placed itself in a position where its self-interest might conflict with its obligations as a fiduciary; and/or

   f. Defendants did not fully and fairly disclose all important information to Plaintiff concerning the sale of the policy.

53. Defendants are liable for Plaintiff's damages for breach of fiduciary duty, as such damages were objectively caused by Defendants' conduct.

## G.
## UNFAIR INSURANCE PRACTICES

54. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

55. Plaintiff has satisfied all conditions precedent to bringing these causes of action. By its acts, omissions, failures, and conduct, Defendants have engaged in unfair and deceptive acts or practices in the business of insurance in violation of Chapter 541 of the Texas Insurance Code.

56. Such violations include, without limitation, all the conduct described in this Original Petition, plus Defendants' failure to properly investigate Plaintiff's claim. Plaintiff also includes Defendants' unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claims and Defendants' failure to pay for the proper repair of Plaintiff's Property, as to which Defendants' liability had become reasonably clear.

57. Additional violations include Defendants' hiring of and reliance upon biased adjusters and/or engineers to obtain favorable, result-oriented reports to assist it in low-balling and denying Plaintiff's storm-related damage and related claims. Plaintiff further includes Defendants' failure to look for coverage and give Plaintiff the benefit of the doubt, as well as Defendants' misrepresentations of coverage under the subject insurance policy. Specifically, Defendants are also guilty of the following unfair insurance practices:

    a. Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

    b. Engaging in unfair claims settlement practices;

    c. Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

    d. Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiffs' claims as to which Defendants' liability had become reasonably clear;

    e.    Failing to affirm or deny coverage of Plaintiff's claims within a reasonable time and failing within a reasonable time to submit a reservation of rights letter to Plaintiff;

    f.    Refusing to pay Plaintiff's claims without conducting a reasonable investigation with respect to the claims; and/or

    g.    Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law, for the denial of a claim or for the offer of a compromise settlement.

58. Defendants have also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Defendants' conduct as described herein has resulted in Plaintiff's damages that are described in this Original Petition.

## H.
## MISREPRESENTATION

59. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

60. Defendants are liable to Plaintiff under the theories of intentional misrepresentation, or in the alternative, negligent misrepresentation. Essentially, Defendants did not inform Plaintiff of certain exclusions in the policy. Misrepresentations were made with the intention that they should be relied upon and acted upon by Plaintiff who relied on the misrepresentations to its detriment. As a result, Plaintiff has suffered damages, including but not limited to loss of the Property, loss of use of the Property, mental anguish and attorney's fees. Defendants are liable for these actual consequential and penalty-based damages.

## I.
## COMMON-LAW FRAUD BY NEGLIGENT MISREPRESENTATION

61. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

62. Plaintiff would show that Defendants perpetrated fraud by misrepresentation (either intentionally or negligently) by falsely representing a fact of materiality to Plaintiff, who relied upon such representations that ultimately resulted in its injuries and damages. Alternatively, Defendants fraudulently concealed material facts from Plaintiff, the result of which caused damage to Plaintiff as a result of the storm-related damages.

63. Specifically, and as a proximate cause and result of this fraudulent concealment, fraud and negligent misrepresentation, all of which was perpetrated without the knowledge or consent of Plaintiff, Plaintiff has sustained damages far in excess of the minimum jurisdictional limits of this Court.

64. By reason of Plaintiff's reliance on Defendants fraudulent representations, negligent misrepresentations and/or fraudulent concealment of material facts as described in this complaint, Plaintiff has suffered actual damages for which he now sues.

65. Plaintiff further alleges that because Defendants knew that the misrepresentations made to Plaintiff were false at the time they were made, such misrepresentations are fraudulent, negligent or grossly negligent on the part of Defendants, and constitute conduct for which the law allows the imposition of exemplary damages.

66. In this regard, Plaintiff will show that it has incurred significant litigation expenses, including attorneys' fees, in the investigation and prosecution of this action.

67. Accordingly, Plaintiff requests that penalty damages be awarded against Defendants in a sum in excess of the minimum jurisdictional limits of this Court.

## WAIVER AND ESTOPPEL

68.  Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

69.  Defendants have waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiff.

## DAMAGES

70.  Defendants' acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

71.  More specifically, Plaintiff seeks monetary relief of over $200,000 but not more than $1,000,000.

## ADDITIONAL DAMAGES & PENALTIES

72.  Defendants' conduct was committed knowingly and intentionally. Accordingly, Defendants are liable for additional damages under the DTPA, section 17.50(b) (1), as well as all operative provisions of the Texas Insurance Code. Plaintiff is, thus, clearly entitled to the 18% damages allowed by the Texas Insurance Code.

## ATTORNEY FEES

73.  In addition, Plaintiff is entitled to all reasonable and necessary attorneys' fees pursuant to the Texas Insurance Code, DTPA, and sections 38.001-.005 of the Civil Practice and Remedies Code.

## JURY DEMAND

74.     Plaintiff demands a jury trial and tenders the appropriate fee with this Original Petition.

## REQUEST FOR DISCLOSURE

75.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff requests that Defendants disclose all information and/or material as required by Rule 194.2, paragraphs (a) through (l), and to do so within 50 days of this request.

## REQUEST FOR PRODUCTION

75.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following Requests for Production.

    a.     Please produce Defendants complete claim files from the home, regional, local offices, and third party adjusters/adjusting firms regarding the claims that are the subject of this matter, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file for the premises relating to or arising out of Plaintiff's underlying claim.

    b.     Please produce the underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

    c.     Please produce certified copy of the insurance policy pertaining to the claims involved in this suit.

    d.     Please produce the electronic diary, including the electronic and paper notes made by Defendants claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff's claims.

    e.     Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claims or the Property, which is the subject of this suit.

    f.     Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim.

    g.    Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the subject Property.

    h.    Please produce the emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim(s).

    i.    Please produce the videotapes, photographs and recordings of Plaintiff or Plaintiff's home, regardless of whether Defendants intends to offer these items into evidence at trial.

## INTERROGATORIES

76.    Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following Interrogatories.

    a.    Please identify any person Defendants expects to call to testify at the time of trial.

    b.    Please identify the persons involved in the investigation and handling of Plaintiff's claims for insurance benefits arising from damage relating to the underlying event, claims or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

    c.    If Defendants or Defendants' representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by Defendants or any of Defendants' representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

    d.    Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of Defendants' investigation.

    e.    Please state the following concerning notice of claims and timing of payment:

        i.    The date and manner in which Defendants received notice of the claim;
        ii.    The date and manner in which Defendants acknowledged receipt of the claim;
        iii.    The date and manner in which Defendants commenced investigation of the claim;
        iv.    The date and manner in which Defendants requested from the

       claimant all items, statements, and forms that Church Mutual reasonably believed, at the time, would be required from the claimant; and

    v. The date and manner in which Defendants notified the claimant in writing of the acceptance or rejection of the claim.

  f. Please identify by date, amount and reason, the insurance proceed payments made by Defendants, or on Defendants' behalf, to the Plaintiff.

  g. Have Plaintiff's claims for insurance benefits been rejected or denied in full or in part? If so, state the reasons for rejecting/denying the claim.

  h. When was the date Defendants anticipated litigation?

  i. Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claims for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe Defendants' document retention policy.

  j. Does Defendants contend that the insured premises was damaged by storm-related events and/or any excluded peril? If so, state the general factual basis for this contention.

  k. Does Defendants contend that any act or omission by the Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

  l. Does Defendants contend that the Plaintiff failed to satisfy any condition precedent or covenant of the policy in any way? If so, state the general factual basis for this contention.

  m. How is the performance of the adjuster(s) involved in handling Plaintiff's claims evaluated? State the following:

    i. what performance measures are used; and
    ii. describe Defendants' bonus or incentive plan for adjusters.

## CONCLUSION

77. Plaintiff prays that judgment be entered against Church Mutual Insurance Company and Ryan Werley, and that Plaintiff be awarded all of its actual damages, consequential

damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays it be awarded all such relief to which it is due as a result of the acts of Church Mutual Insurance Company and Ryan Werley, and for all such other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

THE VOSS LAW FIRM, P.C.

/s/ *Bryan Beverly*
Bill L. Voss
Texas Bar No. 24047043
Scott G. Hunziker
Texas Bar No. 24032446
Bryan Beverly
Texas Bar No. 24082688
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile: (713) 861-0021
bill.voss@vosslawfirm.com
scott@vosslawfirm.com
bryan@vosslawfirm.com

**ATTORNEYS FOR PLAINTIFF**